18 So.2d 706

### LEE v. STATE.

6 Div. 223.

Supreme Court of Alabama.

June 22, 1944.

Rehearing Denied July 25, 1944.

---

[1] 245 Ala. 313.

70

Horace C. Wilkinson, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

The appellant, Virgil Lee, was indicted, tried and convicted under an indictment charging that he "did carnally know, or abuse in the attempt to carnally know Elese Lee, a girl under the age of twelve years," etc. Title 14, section 398, Code of 1940.

A former conviction under the same indictment was reversed and the cause remanded by the Court of Appeals for errors pointed out by that court. Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590.

■ Here, as on former appeal, the record contains no evidence that defendant was guilty of actual carnal knowledge of the girl. But the evidence does support the inference of abuse of her genital organs in the attempt at carnal knowledge. This latter offense is equally prescribed by the statute; an injury to the child's sexual or genital organs in such attempt is the abuse to which the statute refers. Dawkins v. State, 58 Ala. 376, 379, 29 Am.Rep. 754; Lee v. State, supra.

And, as said by the Court of Appeals in Lee v. State, supra [13 So.2d 589]:

"The crime may be committed without any contact of the genital organs. The principle is illustrated by this quotation from the Dawkins case, 58 Ala. [376], at page 379, 29 Am.Rep. 754: 'It is said that often the chief injury to the child results from the use of the fingers of the male. There have been cases in which, without the contact which would constitute the complete offense, bodily harm has been inflicted by cutting the private parts of the child. An injury to these parts, in the attempt at carnal knowledge, is the "abuse" to which the statute refers, and not to forcible or wrongful ill usage, which would be an element of the offense of an assault with intent to ravish the child.'

"In Castleberry v. State, 135 Ala. 24, 33 So. 431, it was held that the mere 'hurting' of these organs of the female is an abuse within the meaning of this section, though they are not bruised, cut, lacerated or torn."

■ True, the testimony of Elese Lee, in the record before us, is not identical with her testimony on the first trial. Particularly is this so in reference to the room and bed occupied by her at the time the alleged abuse took place. But its legal effect is the same. Such discrepancies or contradictions are matters touching credibility. And while the positive proof was more or less weak as to the attempt at carnal knowledge, it was sufficient to support the inference that such was the defendant's action.

We are persuaded that the general charge for the defendant was correctly refused. Kabase v. State, Ala.App., 12 So.2d 758;[1] Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann. Cas. 1126; Grimes v. State, 24 Ala.App. 378, 135 So. 652; Howard v. State, 108 Ala. 571, 576, 18 So. 813.

■ The appellant is the father of the alleged victim of abuse. He is also the father of Ruby Lee Moore, Mary Ruth Lee and Jewel Lee Cole.

Over the objections of appellant, Mary Ruth and Jewel were permitted to testify that on numerous occasions, prior to the time of the alleged abuse of Elese, the appellant proposed to them that they have sexual intercourse with him, and that he put his hands on their breast and genital organs. Ruby's testimony was to the same general effect concerning her relations with her father, and, further, that on many occasions he forced her to have actual sexual intercourse with him.

Recent discussion of the rule governing the admissibility of evidence of other similar acts and crimes as the one upon which the prosecution is based, as bearing upon the motive, intent, scienter, identity, etc., is found in the cases of Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Henry Daniel, Jr. v. State, 243 Ala. 675, 11 So.2d 756; Curtis Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

Under the rules enunciated in the cases cited, and under the rules announced by the authorities generally, the above testimony of appellant's three daughters was admissible.

But the State's examination of Ruby did not stop here. She was permitted to testify that she became pregnant by her father; that he forced her to take medicine; to lift heavy objects; to jump from a table

to the floor, and from the porch to the ground in attempts to cause a miscarriage; that these methods failed to produce a miscarriage, and that her father then carried her to a physician who produced an abortion. She further testified that she had been married twice. The first time when she was fifteen years of age; that she quit her first husband after living with him about two months and three weeks, and went back home; that her father first forced her to have intercourse with him shortly after her return home. Her testimony is not at all clear or satisfactory as to whether she became pregnant at a time which would necessarily exclude the possibility of her husband's agency.

The fact put in issue by the indictment was the abuse of Elese in an attempt to have carnal knowledge of her.

In the case of Mattison v. State, 55 Ala. 224, 232, Justice Stone, speaking for the Court, said:

"In inquiries of fact, dependent on circumstantial evidence for their solution, no certain rule can be laid down, which will define, with unerring accuracy, what collateral facts and circumstances are sufficiently proximate to justify their admission in evidence. Human transactions are too varied to admit of such clear declaration of the rule. Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry, by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence. On the other hand, undue multiplication of the issues is to be steadily guarded against, as tending to divert the minds of jurors from the main issue.—See Campbell v. State, 23 Ala. 44."

And in Levison v. State, 54 Ala. 520, 528, it was said:

"It is often a matter of great delicacy and extreme difficulty, to determine, in a criminal cause, whether a particular fact, not bearing directly on the issue involved, can be received as evidence. The rule is clear and well defined that facts and circumstances, which, when proved, are incapable of affording any reasonable pre-sumption or inference in regard to the material fact or inquiry involved, are not admissible as evidence. The difficulty lies in its application."

■■ The State should not have been allowed to prove the fact of Ruby's pregnancy or the procuring of her abortion. The fact of Ruby's pregnancy, through the agency of her father, does tend to shed light on the main inquiry, but unlike the fact of sexual intercourse with her father, it also tends to unduly multiply the issues and to divert the minds of the jury from the main issue. The fact that Ruby's father procured her abortion is lacking in requisite relevancy to render it admissible.

■ Evidence of the details of the complaint made by Elese to her sister should have been excluded. The fact, if it be a fact, that Elese made complaint within a reasonable time may have been admissible in corroboration of her testimony as to the main fact. On direct examination such testimony is confined to the fact of the complaint. Details of the occurrence, including the identity of the person accused, are not proper subjects of inquiry. In such case, the State is not privileged to prove that the woman complained that any particular person assaulted her until after defendant has brought out particulars of the complaint, or has introduced evidence tending to impeach the witness who testified to the complaint. Bray v. State, 131 Ala. 46, 31 So. 107; Barnett v. State, 83 Ala. 40, 3 So. 612; Griffin v. State, 76 Ala. 29; Barnes v. State, 88 Ala. 204, 7 So. 38, 16 Am. St.Rep. 48; Oakley v. State, 135 Ala. 15, 33 So. 23; Posey v. State, 143 Ala. 54, 38 So. 1019; Gaines v. State, 167 Ala. 70, 52 So. 643.

Other errors argued are not likely to arise on another trial, and for that reason we have not thought it necessary to discuss them.

For the errors pointed out, the cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.