22 So.2d 445

### BROWN v. STATE.

6 Div. 192.

Court of Appeals of Alabama.

June 5, 1945.

F. D. McArthur, of Birmingham, for appellant.

[1] 246 Ala. 650.

132

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is based on a conviction under Title 14, Sec. 106, Code 1940.

■ Appellant was convicted of an attempt to commit the crime denounced by the section, supra. This is permissible. Title 14, Sec. 42, Code 1940; Woods v. State, 10 Ala.App. 96, 64 So. 508; Tarrant v. State, 12 Ala.App. 172, 67 So. 626.

■ The indictment charges that defendant against the order of nature carnally knew a person, Esther Griffin. The section of the Code upon which the prosecution is hypothecated is broad enough to include this averment. Woods v. State, supra.

The affirmative charge was not tendered in appellant's behalf, neither was a motion for a new trial filed. In this state of the record the questions presented can be intelligently discussed without having to perform the untasteful task of setting out the tendencies of the evidence.

The State first introduced evidence which tended to fix the place and time of the alleged offense at the home of appellant on March 19th. Over timely objections and exceptions by appellant's counsel, the prosecution was permitted to prove, by a claimed eyewitness, that on March 28th, nine days later, the defendant was engaged in a similar act at the same place and with the same person.

■ The general rule prevails that, on the prosecution for a specific charge, proof of prior or subsequent offenses, disconnected and independent of the crime for which the defendant is then being tried, is inadmissible, even though the other offenses be of the same sort and character. This judicial safeguard is based on logic, reason and justice, to which the minds of all fair men will readily respond.

This important rule, however, is subject to a number of well-defined exceptions. These will be found listed and the reasons for the exclusions clearly presented in: 22 C.J.S., Criminal Law, §§ 683-691, inclusive; 20 Am.Jur., Secs. 310-316, inclusive. See also Gassenheimer v. State, 52 Ala. 313; Crow v. State, 28 Ala.App. 319, 183 So. 897.

The application of the exceptions to the general rule should be guarded with sound judicial care and caution, lest proof of other offenses should become an instrument of prejudice and injustice.

The evidence for the State relating to the incident upon which the prosecution is based and the subsequent occurrence, the subject of instant consideration, tends to show: (1) The physical methods employed in the performance of the acts were in every way similar. (2) The persons participating were identical. (3) There were only nine days intervening between the two incidents. (4) Circumstance from which

could be reasonably inferred an intent to engage in acts of sex perversion.

The nature of the offense and the evidence in support of its commission contemplated a common design, course of conduct and a proclivity for repetition.

Some courts take the view that proof of subsequent offenses should never be allowed. Gross v. State, 61 Tex.Cr.R. 176, 135 S.W. 373, 33 L.R.A.,N.S., 477. When the exceptions to the general rule have application, the majority view adheres to the practice of allowing the proof in evidence without determining its admissibility solely on whether or not the crime was committed prior or subsequently to the offense upon which the prosecution is based. State v. Henderson, 19 Idaho 524, 114 P. 30.

It seems that our appellate courts have not had the occasion to pass on the identical question as applied to a charge of instant inquiry. We do find, however, two cases which in point of resemblance in nature and similarity in facts lend much assistance in the solution of the question at hand.

In Harrison v. State, 235 Ala. 1, 178 So. 458, 459, the defendant was charged with carnal knowledge of a girl over twelve and under sixteen years of age. The Supreme Court said: "We hold that the weight of authority sustains the proposition that it is permissible for the prosecutors to offer evidence of such acts occurring before and after the alleged act on which the indictment is based, as tending to sustain the principal charge by showing the relation and intimacy of the parties."

This court entertained the same view in Lee v. State, 31 Ala.App. 91, 13 So.2d 583, in which case the charge was also carnal knowledge.

■ On the basis of authority, logic and reason, we are persuaded that there was no error in admitting the evidence tending to show the commission of the subsequent act.

The evidence discloses that two police officers were assigned to investigate the alleged crime. They went to the home of the defendant and in his absence talked with Sarah Brown and Esther Griffin. The officers testified that John Eford and his wife, Ethel—both witnesses for the State —joined the group, but came after the conversation was in progress.

■ While Officer Roberts was giving his testimony in rebuttal, the solicitor, against the objections of appellant's counsel, was permitted to introduce in evidence several statements it is claimed Sarah Brown made to the officers during the conversation referred to above. It is plainly apparent that the purpose of this proof was to impeach the witness Sarah Brown by showing statements made in contradiction of her testimony on the trial of the cause. This, of course, is allowable, but the privilege is governed by well-defined rules of procedure and requisites. The point was reserved and the position is taken in brief of counsel that proper predicates were not based for the introduction of these alleged statements. In this we concur, and we will undertake to demonstrate the reasons for our conclusions.

■ "In order to impeach a witness by contradictory statements, a predicate is required to prevent surprise and give the witness an opportunity to explain. If the attention of the witness is called to the time and place, circumstances and persons involved, and the statements made, the rule is satisfied. It does not require a perfect precision as to either." People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719, 721.

An analysis of three instances will illustrate the reason for our concluding that the rule was not observed in the case at bar.

"Q. Let me ask this, Mr. Roberts, if in your presence, and talking directly to you, and in the presence of her daughter, Esther Griffin, if Sarah Brown didn't state in substance to you that she had seen through a crack in the closet from Ethel Eford's side of the house, see this man put his head down between Esther Griffin's legs, seen her there? A. Yes, sir. She told us that, that she saw it."

The only attempt we can find in the record to lay a predicate for the above question is (Sarah Brown being examined):

"Q. And didn't you tell them there what John Brown did to her and that you wanted him arrested? A. No, sir.

"Q. That you wanted to have him arrested, that when you took him in the house there you thought he would be a father to your little children, and from what you had seen through the crack from Ethel Eford's house, in her closet, what you saw him do, you wanted him arrested and prosecuted? A. No, sir.

"Q. For putting his head between her legs? A. No, sir, because I hadn't seen anything.

"Q. You didn't tell the officers that? A. No, sir."

There is only slight similarity between the verbiage of the attempted predicate and the question addressed to the officer. The rule will not permit of a variance so wide.

Again, a question to witness Roberts:

"Q. Did she make any statement about what her desires were or her wishes were at that time about the prosecution of this defendant? A. Yes, sir.

"Q. What did she say then? A. She called us to her house two or three mornings after we had been chasing him, and said she didn't want him arrested; that she was sick and needed his support. That was two or three mornings or probably three or four mornings later, Mr. Irwin. I cannot remember to the day.

"Q. It was after the time you had the previous conversation with her? A. Yes, sir."

This inquiry seems to relate to a subsequent occasion, and we are unable to find in the testimony of Sarah Brown where she was interrogated in any manner about a later conversation with the officer.

When Ethel Eford was being examined in rebuttal, the record discloses:

"Q. Did you hear Sarah Brown tell the officers at the automobile that she wanted this man arrested after what she had seen through the crack from your closet * * *? A. Yes, sir, I heard her. She told us she didn't care what they did to him."

There are several reasons why this question is not proper. Sarah Brown was never interrogated concerning any statement she made to or in the presence of Ethel Eford. The question was descriptive and not specific. We do not find any predicate based, assuming Ethel was present.

Many authorities could be cited in support of the impropriety of the introduction of these instant inquiries. That the rule appertaining was not observed is readily apparent. 19 Ala.Digest, Witnesses, ⟨key⟩ 388(1), 388(2).

A trial judge experiences much difficulty in keeping a track of all predicates and attempted predicates posed during the progress of the trial. The writer knows from long experience on the circuit court bench just how arduous this task is. Counsel can and should co-operate and aid in every way to assist the trial judge in an effort to keep the record free from error in this particular.

Objections were interposed to parts of the court's oral charge to the jury. Three fragmentary statements are made the basis for these objections. None of the three contains a complete sentence. Two do not accurately quote the trial judge. Murray v. State, 13 Ala.App. 175, 69 So. 354; Cowart v. State, 16 Ala.App. 119, 75 So. 711.

■ Pretermitting a discussion of the difficulty we encounter in reviewing the objections in this state of the record, we are convinced that the able, extended and comprehensible oral charge of the trial judge included a fair and full explanation of the law applicable to the case, and when the charge is considered as a whole, as it is our duty to do, there is no merit in the insistence for error here. Holladay v. State, 20 Ala.App. 76, 101 So. 86; Hope v. State, 21 Ala.App. 491, 109 So. 521.

The record presents some other questions for our consideration. We have, however, endeavored to discuss all those that appear to have meritorious value and have omitted a treatment of those which will not likely recur on another trial of the cause.

For errors pointed out, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.