*30 So.2d 26*

**BRASHER v. STATE.**

6 Div. 281.

Court of Appeals of Alabama.

June 18, 1946.

Rehearing Denied Aug. 1, 1946.

Ben F. Ray and G. J. Prosch, both of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Both the appellant and the State have made their respective applications for a rehearing in this cause.

In order to avoid any confusion that might result from extensions to the original opinion which we think indicated by the above applications, the said original opinion in this cause which was handed down by this court on June 18, 1946, is hereby withdrawn and held for naught, and the following opinion is substituted in lieu thereof:

This appellant was indicted for carnal knowledge of a girl over the age of twelve years and under the age of sixteen years. He pleaded not guilty. A jury found him guilty as charged and fixed his punishment at two years in the penitentiary.

We need not concern ourselves particularly with the substantive offense for which appellant was convicted. In this connection it suffices to say of this aspect of the case that the tendency of the evidence introduced by the State established that appellant carnally knew a girl of the age of thirteen years. That the girl was well developed for her age, and nonresistant if not acquiescent toward appellant's advances is immaterial, as is the fact, if it be a fact, attempted to be established by numerous neighbors that her reputation in the community was bad.

The sole question in the case arises out of the court's action in admitting, over the strenuous objection of appellant, evidence of appellant's sexual misconduct toward a five year old girl approximately four months prior to the date of his illegal relation with the thirteen year old girl.

When the five year old girl was offered as a witness the jury was excused and she was examined voir dire as to her competency as a witness. This examination was repeated when the jury was returned to the box.

This five year old girl testified largely by nodding or shaking her head in reply to questions propounded to her. The trial court, over objection of the appellant, held her competent as a witness after she had testified that she knew that little girls who told untruths would "go to the bogeyman

down under the ground," and those who told the truth would "go up to Jesus."

■ There is no particular age at which a person becomes competent as a witness. While the same rules govern competency of witnesses in all types of cases, it is highly essential if sexual offenses against children are to be established that their testimony be received. Otherwise an undeserved immunity would cloak these loathsome evildoers in their offenses against the persons of young children. McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25. In our opinion this young witness evidenced a sufficient understanding of the moral wrongness of falsifying and its prospective future punishment that the court cannot be said to have abused its discretion in holding her competent as a witness.

This young five year old witness testified that one night appellant had taken her, together with his own child, to get some ice cream. On the way back appellant stopped in some woods and took her out of the car. Without going into the revulsive details of this episode it will suffice to say that it is clear from the testimony of this child witness that appellant performed degenerate and perverted sexual acts with her.

The mother of this child testified that it was on a night in November, 1944, probably November 10th, we gather from other evidence in the record, that appellant took her child on the trip for ice cream.

Over the strenuous objection of appellant a physician who saw this young witness about four days after her alleged mistreatment by this appellant testified that at the time he examined her she was suffering from chronic gonorrhea. As we interpret this physician's testimony he further testified that it was possible for gonorrhea to reach a chronic stage although a person had been originally infected with the germ only three or four days previously; that the infection usually passes through an acute stage when there is edema, redness, and fever in the infected area. When these symptoms subside and a discharge only remains the condition is then said to be chronic.

For the defense the appellant's wife, Mrs. Brasher, was the chief witness. Her direct testimony was to the effect that appellant arrived at his home on April 4, the date of alleged offense with the thirteen year old girl, at the usual time he returned home from his job, and that he did not leave his premises thereafter.

The extensive cross examination of Mrs. Brasher was addressed exclusively to developing the alleged offense against the five year old girl. In this connection, and over the objection of appellant, the solicitor was permitted to question her as to whether the appellant had not left the house they were occupying the day after he had taken the five year old girl and his own child for ice cream and had never returned thereto. The court admitted this testimony on the theory that it showed flight and consciousness of guilt on the part of appellant.

On redirect examination Mrs. Brasher testified that she had had sexual intercourse with appellant around the time he was alleged to have abused the five year old girl and that she had not contracted gonorrhea, and that she had done nothing to prevent any infection.

■ Section 6 of the Alabama Constitution of 1901 provides that in all criminal prosecutions the accused has a right to demand the nature and cause of the accusation against him and to have a copy thereof. On the information thus supplied he prepares his defense. As stated in Gassenheimer v. State, 52 Ala. 313, "Than that accusation he cannot be supposed to stand prepared to answer." Reflecting these same principles is the general and well recognized rule that in a prosecution for a particular offense evidence tending to show a defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible. Dennison v. State, 17 Ala. App. 674, 88 So. 211.

■ Common sense and its utilitarian base has compelled the growth of exceptions to the above enunciated set general rule. While proof of other offenses cannot be used as substantive evidence to establish the offense charged, if it is relevant and competent it should be admitted regardless

16

of its incidental effect. See 20 Am.Jur., § 309, 22 R.C.L., § 39. These recognized exceptions to the general rule have developed into general categories and are listed in Wharton's Criminal Evidence, Section 31, as follows:

"These exceptions fall under the following general divisions: (1) Relevancy as part of res gestae. (2) *Relevancy to prove identity of person or of crime.* (3) Relevancy to prove scienter, or guilty knowledge. (4) *Relevancy to prove intent.* (5) Relevancy to show motive. (6) Relevancy to prove system. (7) Relevancy to prove malice. (8) Relevancy to rebut special defenses. (9) Relevancy in various particular crimes. It is recognized that in many instances the line of demarcation is not clear, but the discretion vested in the trial judge, intelligently and considerately exercised, will enable the prosecution fully to present the charge, on the one hand, and, on the other hand, to protect the accused and secure to him the rights guaranteed to him by the Constitution and the laws." (Italics ours).

Expositions of the doctrine pertaining to the admissibility of evidence of other similar acts and crimes as the one on which the prosecution is based as bearing on the motive, intent, scienter, and identity of the accused, as it has developed in this jurisdiction may be found in the recent cases of Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590; Brown v. State, Ala.App., 22 So.2d 445;[1] Lee v. State, 246 Ala. 69, 18 So.2d 706; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

█ The learned trial judge in admitting in this case the evidence pertaining to the alleged offense by appellant against the five year old girl emphasized at the time of its admission and again in his oral charge to the jury that such evidence was being admitted solely as going to the iden-

tity of the appellant. Although the appellant was definitely identified by the thirteen year old girl as being the man who carnally knew her, the appellant's plea of not guilty served to bring his identity into issue, not only as a person, but his identity as a person tainted with traits of sexual depravity. This latter identity is the one possessing real probative value, particularly in the trial of persons charged with sexual offenses. Evidence of other offenses proximately connected in time, leading to identify him as likely to have committed the offense with which he was charged, was therefore admissible if properly limited by the trial court. Barnett v. State, 104 Ohio St. 298, 135 N.E. 647, 27 A. L.R. 351.

█ It will first be necessary to determine whether the evidence of the offense against the five year old girl, committed some four months prior to the offense with which accused is charged in this case is of probative value in as much as the offense against the younger girl was degenerate in character whereas the offense against the older girl was normal sexual intercourse so far as the record discloses, but illegal because of the youthfulness of the girl. In view of the excellent and forceful opinion of Simpson, J., then a member of this court, in the case of Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81, it is clear that our appellate courts definitely favor a liberal view concerning the admissibility of evidence of other offenses if such other offenses by common sense and understanding have probative value in establishing the intent, motive, or identity of the accused in the case being presently prosecuted. Whether the other offense sought to be shown is sufficiently similar to the offense for which the accused is being prosecuted is primarily a question to be decided by the trial judge. It is our opinion that evidence of the offense against the five year old girl did tend to identify the accused as a man afflicted with general base desires for young girls, and therefore of sufficient probative value to justify its admission in this prosecution as identifying the accused as a man of such inclinations. Fur-

ther, it is our opinion that whether the other offenses are sufficiently proximate in time so as to possess the degree of relevancy required for admission in evidence is primarily a question for the court, the jury passing on any probative weakness from separation of the offenses by periods of time. In our opinion no error resulted in this case in submitting this fact to the jury.

The general rule prohibiting evidence of other offenses grew from experience and is in every way congenial to the sound beneficence which is the keystone of our common law in the criminal law field. Departure from general rules so evolved by engrafting exceptions thereon often present difficulties in application to particular cases. Concerning the general rule and its exceptions now under consideration, Chief Justice Brickell said in Levison v. State, 54 Ala. 520: "It is often a matter of great delicacy and extreme difficulty, to determine, in a criminal case, whether a particular fact, not bearing directly on the issue involved, can be received as evidence. The rule is clear and well defined that facts and circumstances, which, when proved, are incapable of affording any reasonable presumption or inference in regard to the material fact or inquiry involved, are not admissible as evidence. The difficulty lies in its application."

Subsequently in the case of Mattison v. State, 55 Ala. 224, Justice Stone wrote: "In inquiries of fact, dependent on circumstantial evidence for their solution, no certain rule can be laid down, which will define, with unerring accuracy, what collateral facts and circumstances are sufficiently proximate to justify their admission in evidence. Human transactions are too varied to admit of such clear declaration of the rule. Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry, by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence. *On the other hand undue multiplication of the issues is to be steadily guarded against, as tending to divert the minds of jurors from the main issue.* See Campbell v. State, 23 Ala. 44." (Italics ours.)

In the recent case of Lee v. State, 246 Ala. 69, 18 So.2d 706, the defendant had been convicted of carnal knowledge of a girl under twelve years of age. The unfortunate girl was the defendant's daughter. Three other daughters of the defendant were permitted to testify that the defendant had had improper relations with them. One of these three testified additionally that she had become pregnant and that her father, the defendant, had procured the performance of an abortion on her. After pointing out that it was not at all clear as to whether this daughter became pregnant at a time that would exclude the possibility of her husband's agency, our Supreme Court, speaking through Livingston, J., held that while the other sexual offenses with his other daughters were properly received in evidence as tending to shed light on the main inquiry, evidence of the pregnancy of one of the daughters, while it might shed light on the main issue also tended to unduly multiply the issues and to divert the minds of the jury from the main issue. The fact that the father later procured an abortion on this daughter the Supreme Court held to be lacking in requisite relevancy to be admissible.

In the Lee case the court set out those portions of the Levison and Mattison cases which we have also incorporated in this opinion. While Justice Stone in the Mattison case says "On the other hand undue multiplication of the issues is to be steadily guarded against, as tending to divert the minds of the jurors from the main issues," and language of similar import is used in the Lee case, supra, it is our interpretation of these cases that they mean that undue multiplication of issues is to be guarded against by admitting evidence of no probative value. Certainly its tendency to multiply issues can be no test for the admissibility of relevant evidence, since practically any testimony of witnesses not in agreement, or any other disputing evidence would have such tendency. The real test as to admissibility of all evidence, including of course evidence of prior similar offenses, is, would the proffered evidence have any tendency, even though slight, to shed light on the main inquiry? Gafford v. State, 122 Ala. 54, 25 So. 10; See also Rule

311, Am.Law Inst., Model Code of Evidence; Stone, "The Rule of Exclusion of Similar Fact Evidence; America," 51 Harv.Law Review 988.

In the Lee case, supra, the court held that the acts of intercourse with the other daughters were facts shedding light on the main inquiry, but that the fact of pregnancy of one of the abused daughters was erroneously admitted because it tended to multiply the issues. In view of the court's comment that the agency of this daughter's husband in bringing about the pregnancy was not eliminated, its probative value was thereby destroyed. Thus, as before stated our interpretation of the doctrine of this case is that the multiplicity of issues frowned on by the court is multiplicity resulting from irrelevant evidence.

By this test it was erroneous for the court in this case to admit over the objection of the appellant the testimony pertaining to the gonorrheal infection in the five year old girl, since no evidence was introduced at any time by the State tending to show that appellant was infected with this disease. The opinion testimony of the physician was only to the effect that it was possible for the child's condition of chronic gonorrhea to have resulted from contact with appellant four days previously, though he also stated that a longer period of infection is usually necessary for a chronic condition to develop. To clothe this evidence with probative value we must therefore assume that the appellant was infected with gonorrhea and that he was the agency infecting the child. This series of inferences is an inadequate foundation for probative value. While this testimony is lacking in probative value, its power to prejudice the minds of the jury is overwhelming.

It is our opinion that the court did not err in overruling appellant's objections to the questions propounded on cross examination to Mrs. Brasher pertaining to appellant's failure to return to his home after leaving it the morning after the alleged abuse by him of the five year old girl. Such testimony was admitted on the theory that it showed consciousness of guilt and flight. It was on such basis relevant as tending to establish the offense against the five year old child.

For the error in admitting the irrelevant testimony of the physician witness commented on above this cause must be reversed.

Reversed and remanded.

On Rehearing.

Applications of both appellant and State for rehearing denied.