

Walker & Walker, Opelika, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

56 So.2d 793

## WEATHERSPOON v. STATE.

### 5 Div. 358.

Court of Appeals of Alabama.

Feb. 5, 1952.

HARWOOD, Judge.

The indictment against this appellant, omitting the formal parts, charged that he "feloniously took and carried away one leather bag of the value of thirty dollars, three glass syringes of the value of seven dollars, one pill forceps of the value of four dollars, one leather case and set of veterinarian instruments of the value of eighty dollars, one Tuberculine syringe of the value of two dollars, and two packages of tuberculin of the value of two dollars, all of the aggregate value of one hundred and twenty-five dollars, the personal property of LeRoy Mims."

The jury returned a verdict of guilty, and judgment was entered accordingly.

The evidence presented by the State tended to establish all the material elements of the offense charged. Since however an occurrence during the trial below compels a reversal of this cause no useful purpose would be served in detailing this evidence.

The articles described in the indictment were found in a suit case in a room occupied by the appellant and another man. The appellant admitted ownership of the suit case, but maintained that he occupied the room infrequently, and that he had no knowledge of how the articles came to be in his suit case.

It further appears that when appellant was arrested he was driving a borrowed automobile.

During his cross examination the appellant was asked if there were not eighteen cigarette lighters in the automobile at the time he was arrested. Appellant testified that there were only two lighters in the car at this time, one in front and one in back.

In rebuttal to this testimony the State placed on the witness stand one of the arresting officers. During the course of the examination of this witness by the Solicitor, and after an objection by defense counsel, the record shows the following:

"The Court: Are you attempting to show that these cigarette lighters were stolen property?

"Mr. Boyd: Yes, sir.

"The Court: Have you got some witnesses to that effect?

"Mr. Boyd: I think that is a matter the jury can conclude.

"The Court: Do you contend that was stolen property?

"Mr. Boyd: I contend that everything he had was stolen property.

"The Court: Go ahead. You can take your exception, Mr. Walker.

"Mr. Walker, Jr.: We reserve an exception."

Following this colloquy the officer testified that eighteen cigarette lighters were in the automobile when he arrested the appellant.

No evidence was presented at any time during the course of this trial tending in anywise to show that the cigarette lighters had been stolen.

■ The general rule is that in a criminal prosecution proof which tends to show that the accused is guilty of other offenses, even though of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with the offense for which the accused is being tried. Wilkins v. State, 29 Ala.App. 349, 197 So. 75.

This general rule is subject to certain exceptions. Expositions of the principles relating to the admissibility of evidence of other offenses, similar to the one on which the prosecution is based, as it bears on accused's motive, intent, scienter, and identity, as the exceptions have been developed in this jurisdiction, may be found in the following cases: Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590; Brown v. State, 32 Ala.App. 131, 22 So.2d 445; Lee v. State, 246 Ala. 69, 18 So.2d 706; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581; Brasher v. State, 249 Ala. 96, 30 So.2d 31.

Without intimating that any of these exceptions might possibly be applicable to this case, no discussion or elaboration of them is here indicated, for none of them could be applicable because of the complete lack of evidence tending to show that the cigarette lighters had been stolen.

■ Despite such defect, the only inference that can rationally be drawn from the admission of the officer's rebuttal testimony, in light of the colloquy between the Solicitor and the court, reinforced by the court's ruling, is that such testimony was admitted to show that the lighters in the car were stolen goods. The appellant was

394

not charged with the theft of these articles in the indictment. Such evidence was patently illegal. Its prejudicial effect is not arguable.

Reversed and remanded.