BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent at nisi prius and here was convicted of robbery and sentenced to twenty-five years imprisonment. He entered a plea of not guilty and did not take the witness stand except on a voir dire outside the presence of the jury on a motion to suppress evidence. The motion was denied.
His plea of not guilty cast a burden on the State to prove beyond a reasonable doubt the material allegations of the indictment charging the offense. Such proof embraced the identity of defendant as the one who committed the crime.
Defendant here asserts only one contention of error. He contends that the court erred in admitting into evidence the testimony of the victim that defendant came back a week later, robbed her again and incidentally made some comment about the prior robbery. [See Williams v. State, Ala. Cr.App., 338 So.2d 522.]
As a general rule other offenses, prior or subsequent, are not admissible in evidence to establish crime, however, there are exceptions. One exception is to establish identity of defendant. Murphy v. State, 52 Ala.App. 490, 294 So.2d 457(2)(3); Weatherspoon v. State, 36 Ala.App. 392, 56 So.2d 793(1).
*708 But defendant contends that identity was not an issue in this case, we cannot agree with this contention. When defendant entered his plea of not guilty, his identity became a very important issue which was not mitigated or softened due to defendant’s failure to take the stand before the jury and deny his guilt or identity; nor because he failed to offer any evidence before the jury denying his confession as related by a police officer.
The State had a lawful right to establish the identity of defendant as the robbery culprit by competent evidence, even though redundant. The fact that she saw him a week later, when he again robbed her, was admissible even though she was positive of the first identification. This second observation of defendant tended to strengthen the first identification and tended to impress the jury that she was not mistaken. The fact that the second observation of defendant was under circumstances involving a second offense of robbery against the same victim did not preclude the State from offering it to establish identity, which burden the State carried.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.