DeCARLO, Judge.
Carnal knowledge; ten years.
The grand jury of Butler County indicted James E. Banks for carnally knowing, or abusing in the attempt to carnally know, the prosecutrix, a girl under the age of twelve years.
Counsel was appointed to represent the appellant at arraignment and trial. After a jury trial the appellant was convicted and sentenced to ten years. He is now represented by new appointed counsel and is before this court with a free transcript.
James Banks had been living with his sister, her husband, and their four children, for over two years. Banks’s eleven year-old niece, one of his sister’s four children, was the victim of the carnal knowledge.
December, 1976, the prosecutrix was staying home from school because she had cut her foot and was unable to walk. On the morning of the assault she was awakened by her mother. She dressed in a purple dress and lay down in her mother’s bedroom to watch television. The prosecu-trix’s father had gone to work earlier that morning and the appellant, her uncle, had left shortly afterwards. The prosecutrix’s mother left around 10:00 A.M.
Prosecutrix stated that the appellant came home “a long time before my mama came home.” He took off his shirt and shoes and lay down. The prosecutrix went into her bedroom and the appellant followed. He took off his pants, ripped the buttons from the front of the prosecutrix’s dress, removed her underwear and had sexual intercourse with her. Afterwards he gave her a dollar and told her not to tell her parents or he would kill her.
The prosecutrix’s parents returned home around 1:30 P.M. They saw that the prose-cutrix’s dress was torn and wrinkled. When her mother inquired what had happened, she did not reply. At that point, her father whipped her and she told him that her uncle had raped her and afterwards had given her a dollar. According to the prose-cutrix the reason she had not told them earlier was because the appellant had said that he would kill her.
That same afternoon the prosecutrix was taken to a doctor who examined her. During the trial he testified that spermatozoa was found in the vaginal vault. Further, he said that it was his opinion that this incident was not the first time she had engaged in sexual intercourse.
*479 At the completion of the State’s case, no motion to exclude was made by the defense. The appellant was then called to testify in his own behalf.
He denied having intercourse with the girl, giving her a dollar or threatening her. Further, Banks said that he had been drinking during the morning and after going to bed he did not remember anything until an officer came to arrest him.
I
The only insistence of error made by the appellant is that the prosecutrix was allowed to give details of her complaint which constituted reversible error.
Appellant cites the following portion of the record claiming it demonstrates that the prosecutrix testified concerning the details of the complaint made to her parents following the alleged sexual intercourse.
[[Image here]]
“Q. And, he said that he would kill you if you said anything?
“A. Yeah, then he left.
“Q. James Banks left?
“A. Yes.
“Q. Alright, what did you do, Pamela?
“A. Then I run out of the house, and my mama, then I got up and — cleaned up, and I hopped around and got my clothes on, then my mama and daddy come home.
“Q. Alright, you said that your mama could tell that you were not right, is that what you said?
“A. Well, when she came home.
“Q. When she came home?
“A. Yeah.
“Q. After she came home did you tell her what happened?
“A. No, sir.
“Q. Alright, when did you tell her what happened?
“A. When she called my daddy, and he whooped me, and I was scared to tell, but I told them.
“Q. You say your daddy whipped you, and you told him then?
“A. Yes, sir.
“Q. Alright, now, why were you scared? Why were you scared to tell, Pamela? “A. Because James said he would kill me.
“Q. Because James Banks said he would kill you?
“A. Yes, sir.”
Direct examination is confined to the fact that a complaint was made. However, the details of the occurrence, including the identity of the person accused, are not proper subjects of inquiry. Lee v. State, 246 Ala. 69, 18 So.2d 706. In the above cited portion of the transcript, we see that what the prosecutrix stated in her testimony was indeed confined to the fact of a complaint. Lee v. State, supra; Biggs v. State, Ala.Cr.App., 331 So.2d 763. See Thompson v. State, 53 Ala.App. 484, 301 So.2d 248.
Further, an examination of the foregoing portion of the record clearly shows that no objection was interposed during the time the prosecutrix was giving her testimony. It is our judgment that the prosecutrix’s testimony was admissible in that it was confined to the fact that a complaint was made. However, had it been inadmissible there would be no preservation of the error because no objection was made. See Biggs v. State, supra; Moody v. State ex rel. Payne, 295 Ala. 299, 329 So.2d 73; Oatsvall v. State, 57 Ala.App. 240, 327 So.2d 735; Willingham v. State, 261 Ala. 454, 74 So.2d 241.
II
At the conclusion of the court’s oral charge to the jury, the defendant, as well as the State, announced that they were satisfied with the court’s instructions to the jury.
The defendant requested twenty-four written charges, eight of which were read to the jury, of the remaining sixteen, three were affirmative in nature and the others were covered by the court’s oral instructions. Kennedy v. State, 291 Ala. 62, 277 So.2d 878; Kemp v. State, 278 Ala. 637, 179 So.2d 762.
*480 We have read and examined this entire record and have found no error prejudicial to this appellant.
AFFIRMED.
All the Judges concur.