The defendant was indicted and convicted for the grand larceny of "assorted jewelry" from the store "All That Glitters". Sentence was six years' imprisonment.
On appeal the defendant contends that it was reversible error for the trial court to admit evidence concerning the commission of other crimes when there was no evidence to show that such other allegedly stolen property had in fact been stolen.
After receiving information on a shoplifting in progress at the Northside Mall in Dothan, Sergeant Harley Halstead, Jr. of the City Police Department noticed the defendant, Polly Draghton, and Charles Lee Freeman in and near an automobile in the mall parking area. Going to the car, Officer Halstead obtained a consent to search the automobile from Mr. Freeman. Halstead could see some "stuff" in the front seat over which someone had placed an old jacket. When Mr. Freeman removed the jacket, Officer Halstead observed the purse he had seen the defendant carrying to the car and two pair of blue jeans lying underneath the purse. The defendant was sitting on the passenger's side of the front seat. The purse was between the defendant and Mr. Freeman, who was sitting in the driver's seat. Inside the purse Halstead could see a pair of slacks. Defense counsel objected on the ground that the "evidence is outside the Indictment itself."
The defendant said that she didn't know to whom the purse belonged. Mrs. Draghton, *Page 311 
who was sitting in the back seat of the automobile, also denied ownership.
Patrolman Eugene Holland arrived at the scene after Sergeant Halstead. After Halstead had obtained the driver's consent to search the automobile, Holland looked inside the car and noticed "a big pocketbook and some Levis jeans and a blouse and some other stuff." The Assistant District Attorney then began questioning Patrolman Holland on the contents of the purse:
"Q. What did you find in the purse?
"MR. BRACKIN (Defense Counsel): We object.
"THE COURT: Yes. Sustained.
 "MR. SORRELLS (District Attorney): May we speak to you on that question?
"THE COURT: Sure can.
 (Thereupon, an off the Record discussion was held between the court and the Attorneys of Record. Upon completion of said discussion, the following proceedings were had, to-wit:)
"THE COURT: I overrule you. Go ahead.
 "Q. Officer Holland, what if anything did you find in that purse?
 "A. I believe there was three pair of Levis jeans, a lady's blouse, a pair of children's shoes, some belts in a package and some jewelry."
When asked, the defendant stated that she did not know anything about any sales tickets or anything for those items in the purse. There was no form of identification in the purse.
Sergeant Robert Jenkins testified without objection that he looked in the purse and found:
 "numerous articles of assorted jewelry, rings, bracelets, et cetera, earrings. Also, one package which contained three belts, red, green and brown in color. One pair of blue maternity pants. One maroon disco belt, one lady's blouse, one lady's maternity pants, two pair of Levis, one pair of brown children's shoes."
Tags on the jewelry identified it as coming from the store "All That Glitters". Later the jewelry and the belts were identified as coming from "All That Glitters".
Sherry DeBray was employed by "All That Glitters". She identified the jewelry and the belts as having come from the store. After having been notified of the theft she found that these items were missing.
Charles Lee Freeman testified that on September 26, 1979, he drove the defendant and another female to the Northside Mall. He remained outside while they went in. He stated that the defendant carried the purse into and out of the mall that day.
On her behalf the defendant called Ms. Draghton. She testified that she stole the jewelry from "All That Glitters" by herself and that her sister, the defendant, knew nothing about it. She admitted that the purse was hers and stated that her sister never carried the purse. She also admitted stealing some maternity pants which were found in the purse. She testified that it was her purse and that she "had nothing in it until [she] went to the Northside Mall."
Relying heavily on Weatherspoon v. State, 36 Ala. App. 392,56 So.2d 793 (1952), the defendant contends that the other items found in and under the purse were inadmissible because there was no evidence that these other items had been stolen.
In Weatherspoon, the defendant was charged with the larceny of a number of specifically described articles. These articles were found in a suitcase in a room occupied by the defendant and another man. When the defendant was arrested he was driving a borrowed automobile. One of the arresting officers testified that eighteen cigarette lighters were in the automobile when he arrested the defendant. "No evidence was presented at any time during the course of [the] trial tending in anywise to show that the cigarette lighters had been stolen." Weatherspoon,36 Ala. App. at 393, 56 So.2d at 794.
The court set out the legal principles involved:
 "The general rule is that in a criminal prosecution proof which tends to show that the accused is guilty of other offenses, *Page 312 
even though of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with the offenses for which the accused is being tried. Wilkins v. State, 29 Ala. App. 349, 197 So. 75.
 "This general rule is subject to certain exceptions. . . .
 "Without intimating that any of these exceptions might possibly be applicable to this case, no discussion or elaboration of them is here indicated, for none of them could be applicable because of the complete lack of evidence tending to show that the cigarette lighters had been stolen."
Weatherspoon, 36 Ala. App. at 393, 56 So.2d at 794.
It is also a rule that proof of other offenses is admissible if it is a part of the res gestae of the main offense. Johnson v.State, 272 Ala. 633, 133 So.2d 53 (1961). "Evidence of defendant's contemporaneous possession of other stolen goods is admissible on the question of intent and guilty knowledge."Davis v. State, 39 Ala. App. 515, 516, 104 So.2d 762, 764
(1958). However, it is clearly inadmissible to show that other goods or items were found in the defendant's possession or control in the absence of evidence tending to show that they too were stolen. Piano v. State, 161 Ala. 88, 49 So. 803
(1909); Padgett v. State, 44 Ala. App. 548, 216 So.2d 187
(1968).
Here there was no direct testimony that the items not listed in the indictment were stolen. However, "evidence of the similar transactions was admissible even though the proof shown was not sufficient to prove the similar offenses beyond a reasonable doubt." McDonald v. State, 57 Ala. App. 529, 543,329 So.2d 583, 594 (1975), cert. quashed, 295 Ala. 410,329 So.2d 596 (1976).
 "Before evidence of the commission of other crimes by accused is admitted, the trial court should satisfy itself that the evidence substantially establishes the other crimes, accused's connection therewith, and their connection with the offense for which accused is being tried; and clear and convincing proof, or the making out of at least a prima facie case, has been required.
 "Evidence of a vague and uncertain character, offered for the purpose of showing that accused has been guilty of similar offenses, should not be admitted under any pretense whatever, nor is mere proof of arrest or indictment or mere suspicion, or proof of a suspicious circumstance, sufficient. So, before guilty intent may be inferred from other similar crimes, they must be established by evidence which is legal and competent and plain, clear, and conclusive. However, although there is authority to the contrary, the evidence need not prove the commission of the other crimes beyond a reasonable doubt; it need only tend to prove accused guilty thereof."
22A C.J.S. Criminal Law § 690 (1961).
We think that the evidence in this case tending to show the theft of the other items in the purse, although wholly circumstantial, is sufficient to show their stolen character.
The State's evidence and the reasonable inferences therefrom show that the defendant carried the bag into and out of the mall; that the defendant made two trips to the mall; that she was seen carrying the same purse in which items that were proven to have been stolen were found; that some attempt was made to hide or conceal the purse as a jacket had been placed over it; and that the defendant denied any ownership of the purse or knowledge of its contents; and that the defendant did not have a sales slip for anything in the purse. This evidence was sufficient to show that the items were stolen for the purposes of admitting them into evidence even though this same evidence may not have been sufficient to prove the theft of these items beyond a reasonable doubt. Here we have more than simply the mere unexplained possession of property which, of itself, is insufficient to raise the presumption that the property was stolen. Character v. *Page 313 State, 51 Ala. App. 589, 593, 287 So.2d 916, cert. denied,291 Ala. 775, 287 So.2d 919 (1973).
We have searched the record for error and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.