The holding of the majority in these two cases can be summed up in the following sentence in the majority opinion: "The same factors for determining the admissibility of collateral acts of misconduct by the accused in other types of prosecutions are to be applied in determining the admissibility of collateral acts of sexual misconduct in the prosecution of sex crimes." (Emphasis in majority opinion.) This is not current Alabama law, and should not be.
As the majority recognizes, "there is authority, perhaps even a modern trend, that supports the view that, in a prosecution for a sex crime, evidence of similar collateral sexual misconduct is admissible for the purpose of showing that the accused has the propensity to commit the sex crime for which he is charged." The majority, citing Anonymous v. State,507 So.2d 972 (Ala. 1987), and Ex parte Cofer, 440 So.2d 1121 (Ala. 1983), nevertheless concludes that, "there is no longer any basis for the view that, in the prosecution of sex crimes, the Alabama courts will be more liberal in their extensions of the exceptions to the general rule of exclusion."
It appears to me that the majority intends to hold, and does hold, that the identity and intent exceptions may be the only viable exceptions now available in sex offense cases in Alabama. That, in my opinion, is a departure from the rule of evidence established not only in Alabama, but in other jurisdictions as well. As McCormick points out in his work,McCormick on Evidence, § 190, pp. 560-61 (3d ed. 1984), "Initially, proof of other sex crimes always was confined to offenses involving the same parties, but a number of jurisdictions now admit other sex offenses with other persons, at least as to offenses involving sexual aberrations." Of course, the majority candidly admits that the "modern trend" is to admit evidence of collateral sexual misconduct.
A sex offender's "passion or propensity" for sexual misconduct is a primary motive for the commission of the crime charged, and Alabama's courts, in my opinion, in a long line of cases, had allowed proof of such collateral misconduct as an exception *Page 1239 
to the general rule of exclusion. Because I believe that Alabama has long followed the rule of evidence that would permit the admission of evidence of collateral sexual misconduct that shows a "passion or propensity" to commit the crime charged, I believe that the majority errs in refusing to permit the evidence to be admitted in Bowden. Consequently, I must respectfully dissent in that case, and concur in the result only in Watson.
Before Anonymous muddied the water, the rule was clear. InLee v. State, 246 Ala. 69, 18 So.2d 706 (1944), this Court allowed three sisters of the prosecutrix to testify that the defendant had also sexually abused them. This Court discussed the exceptions to the general rule of exclusion and listed some of them as "motive, intent, scienter, identity, etc." There, the Court upheld the admission of the testimony, without giving a specific exception that applied to the evidence in question. Here, the majority seems to summarily dismiss motive as a viable exception to the general exclusionary rule "where the defendant is not charged with the offense of incest." The majority states that "it becomes questionable whether evidence establishing that the accused raped and/or sexually abused one or more of his other children is admissible to prove hismotive in raping the victim, also his child." (Emphasis in majority opinion.) Why the extra charge of incest is necessary to allow motive to be shown puzzles me, because the defendant'smotive at the time of the crime does not change with a prosecutor's decision to add an incest charge or not. Besides, such a holding is clearly contrary to Lee, where motive was set forth as a legitimate exception even though Lee was not chargedwith incest either.
Several courts have correctly pointed out that a sex offender's "passion or propensity" for sexual misconduct is a primary motive for the commission of the crime charged. "The emotional predisposition or passion involved in raping one little girl would seem to be the same as that involved in raping another." Bracey v. United States, 142 F.2d 85, 88
(D.C. Cir.), cert. denied, 322 U.S. 762, 64 S.Ct. 1274,88 L.Ed. 1589 (1944). As the Supreme Court of Wisconsin put it in Day v.State, 92 Wis.2d 392, 404, 284 N.W.2d 666, 672 (1979):
 "The court in [State v.] Tarrell [74 Wis.2d 647, 247 N.W.2d 696 (1976),] felt that the prior acts
 " '. . . demonstrated a propensity to act out his desires with young girls and had a logical connection with the charged offense. They tended to show a general scheme or motive. While the admission of this evidence was prejudicial, it was extremely relevant and was appropriately admitted. The probative value exceeded the prejudicial effect and as such was admissible.' State v. Tarrell, supra, 74 Wis.2d at 658, 247 N.W.2d at 703.
 "This language controls the present situation. The general scheme or motive here involved the defendant's actions toward a group of youngsters with the motive of obtaining future sexual gratification."
The Supreme Court of Wyoming has said:
 " 'Our analysis of cases from other jurisdictions leads to the conclusion that in recent years a preponderance of the courts have sustained the admissibility of the testimony of third persons as to prior or subsequent similar crimes, wrongs or acts in cases involving sexual offenses. Among the grounds relied upon for the admissibility of such evidence is that it is admissible to show motive or to show plan, with various phrases being used by the courts to describe these concepts.' "
Brown v. State, 736 P.2d 1110, 1112 (Wyo. 1987) (quoting fromElliott v. State, 600 P.2d 1044, 1047 (Wyo. 1979)). The Supreme Court of Wyoming went on to say:
 "Incest involves aberrant sexual behavior — it is a type of sexual deviancy that is difficult to understand. Therefore, a trier of fact might well wonder what would motivate the accused to behave in such bizarre manner. The evidence *Page 1240 
of prior sexual acts then was probative under the motive exception because of the unusual sexual behavior involved. . . .
 "If the accused had a predilection to deviant sexual practices with young female relatives, it would not be unreasonable for the trier of fact to determine that he had a motive to commit the acts complained of by the victim in this case."
736 P.2d at 1113.
All indications are that persons who engage in sexual misconduct, especially child abuse, have an abnormality that motivates them to commit these acts; therefore, proof of other sexual crimes would tend to show this motivation. As the majority correctly points out, testimony offered for the purpose of showing motive is always admissible. McClendon v.State, 243 Ala. 218, 8 So.2d 883 (1942). The majority, however, then narrowly limits the type of evidence that can be used and does not explain why evidence of the motive of a sex offender is not admissible when evidence of motive is "always admissible." I believe that prior sexual misconduct is evidence of motive and should be admissible in a case charging a sex crime; Lee allows this kind of evidence, and I think that the majority is limiting Lee without justification.
Furthermore, I disagree with the majority's view that in the prosecution of sex crimes the law of Alabama should be the same as with other crimes. Wisconsin has allowed a "greater latitude of proof as to other like occurrences" in cases dealing with sex crimes. State v. Friedrich, 135 Wis.2d 1, 398 N.W.2d 763
(1987). The Supreme Court of Wisconsin stated in that case:
 "To a person of normal, social and moral sensibility, the idea of the sexual exploitation of the young is so repulsive that it's almost impossible to believe that none but the most depraved and degenerate would commit such an act. The average juror could well find it incomprehensible that one who stands before the court on trial could commit such an act.
 "Juries must have all the relevant facts before them. A past history of such a defendant's plans, schemes and motives is relevant."
135 Wis.2d at 27-28, 398 N.W.2d at 775.
The majority in Friedrich had to deal with a dissent that put forth the same arguments as the majority does in the present case; the dissent in Friedrich argued that the general exclusionary rule and its exceptions should be applied in the same way to all criminal cases regardless of the kind of crime involved. The majority defended Wisconsin's greater latitude of proof in sex crime cases by saying:
 "The point of view espoused by the dissent equating the trial of a child sexual assault with that of forgery reflects a view of the law that is wrong and does not comport with section 904.04, Stats. [the general exclusionary rule]. Such a view does not reflect the reality of what is being faced by society in trying to cope with this problem. We must not and will not treat the sexual abuse of children as the dissent suggests when the dissent declares such offenses to be 'a commonplace variety of criminal act. . . .' [Citation omitted.] It is more than that. The consequences are too devastating and too lasting for such an approach to prevail."
135 Wis.2d at 34-35, 398 N.W.2d at 778.
I believe the majority's interpretations ofAnonymous and Ex parte Cofer, 440 So.2d 1121 (Ala. 1983), limit too severely the motive exception to the general exclusionary rule, and that the opinion is an unwarranted and unwise limitation of Lee. I concurred in Cofer, but only because the prior misconduct in that case occurred ten years before the offense in that case; thus, the prior act was inadmissible as being too remote. That was my sole reason for concurrence. In Anonymous, I concurred specially because the court below had been correct in holding that evidence of a pregnancy caused by the defendant was inadmissible under the authority of Lee. I did not agree with the discussion in Anonymous of exceptions to the general exclusionary rule. *Page 1241 
In conclusion, let me say that I do not believe the law places, or should place, these deviant and unnatural sex crimes on the same level as all other crimes. Evidence of prior sexual misconduct is evidence of motive, and evidence of motive is an exception to the general exclusionary rule. We should stay with the modern trend.
For the above reasons, I agree that Watson should be affirmed, but I would reverse the Court of Criminal Appeals' ruling in Bowden, as it puts too great a limit on the admission of evidence of collateral sexual misconduct as evidence of motive. I strongly disagree with the view that the general exclusionary rule, and its exceptions, should be the same for sexual crimes as it is for all others.
STEAGALL, J., concurs.