## MITCHELL v. STATE. (7 Div. 931.)

(Court of Appeals of Alabama. July 22, 1924.)

**1. Incest ⊚⊐13—Prosecutrix's testimony as to birth of child is admissible.**

Testimony of prosecutrix as to birth of child about nine months after alleged intercourse was admissible; restrictions applied in seduction being inapplicable.

**2. Incest ⊚⊐13—Exclusion of testimony that prosecutrix and third person lived together at time of child's begetting held prejudicial error.**

Prosecutrix having testified to living with a man other than defendant for a month, having intercourse with him, exclusion of witness' testimony that she and such person had been together, claiming to be married at time child was claimed to have been begotten, held prejudicial.

**3. Criminal law ⊚⊐742(1)—Probative force of testimony, though manifestly contradictory, etc., is for jury.**

In incest prosecution, probative force of prosecutrix's testimony, though manifestly filled with discrepancies and contradictions, and unusual, was for the jury.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Wiley Mitchell was convicted of incest, and appeals. Reversed and remanded.

Pruet & Glass, of Ashland, for appellant.

Proof that defendant was the father of the child of the prosecutrix was inadmissible. Maske v. State, 19 Ala. App. 75, 95 South. 204; Herbert v. State, 201 Ala. 480, 78 South. 386; Pope v. State, 137 Ala. 56, 34 South. 840. Defendant should have been permitted to show prosecutrix and one Watts lived together as man and wife. 40 Cyc. 2480; Richardson v. State, 145 Ala. 46, 41 South. 82, 8 Ann. Cas. 108.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in permitting proof that the defendant was the father of the child. Tarver v. State, 17 Ala. App. 424, 85 South. 855. Objection to the question to prosecutrix relative to her cohabitation with another was properly sustained. Martin v. State, 17 Ala. App. 73, 81 South. 851.

FOSTER, J. From a judgment of conviction for incest, the defendant appealed.

Upon the trial of this case it was insisted

---

⊚⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the state that the appellant was the uncle of the prosecutrix, Alma Mitchell, and knowing of such relationship, he had sexual intercourse with her. The testimony of the prosecutrix, and upon which the conviction of the defendant rested, disclosed a most unusual state of facts. Her evidence tended to show that the defendant had sexual intercourse with her in the daytime in his home, and in the presence of defendant's wife, Mrs. Ella Mitchell, who assisted her husband in the commission of the act by throwing the prosecutrix down and by holding the hands and feet of the alleged victim while her husband committed the act; and that all this took place in the presence of the young daughter of defendant. One or two other acts of sexual intercourse with her uncle, the defendant, were testified to by prosecutrix, who stated that they occurred in the nighttime and in the same room with defendant's wife and daughter.

. The defendant strenuously denied each and every accusation of the prosecutrix, as did his wife, Mrs. Ella Mitchell, and both of these witnesses testified that every word of the testimony of prosecutrix was absolutely untrue. Defendant proved an exceptional good general character and good character for truth and veracity by several witnesses, and this testimony was without conflict.

[1] The prosecutrix, upon her direct examination, and over the objection and exception of defendant, was asked if she had given birth to a child, and who was its father. She answered that she had had a baby and that Wiley Mitchell was its father. The court overruled a motion to exclude this testimony, and it is here insisted that the court's rulings in this connection constituted reversible error. In support of this insistence, we are cited several cases. Maske v. State (Ala. App.) 95 South. 204;[1] Herbert v. State, 201 Ala. 480, 78 South. 386; Davis v. State, 18 Ala. App. 482, 93 South. 269; Pope v. State, 137 Ala. 56, 34 South. 840. All the foregoing cases involve the crime of seduction, the gist of the holdings being that a single act constitutes the crime and if there are several acts of intercourse the state must elect as to the act it will rely upon for a conviction. Several of them hold that it is not proper to show the birth of a child and that the defendant is the father. Some of them, notably, Davis v. State, 18 Ala. App. 482, 93 South. 269, seem to put it upon the ground that the time elapsing between the act proven and the birth of the child was too long to connect cause and effect. In the case of Tarver v. State, 17 Ala. App. 424, 85 South. 855, the proof of the act of intercourse and the birth of the child was so related in point of time, the time elapsing being about 8 months, as to reasonably connect the birth of the child with the act of intercourse, and

this court has held that such evidence was properly admitted. The same rule does not apply in incest, the offense here charged, as in seduction. The authorities cited therefore are not in point, and the insistence of error here made cannot be sustained.

In this case, the proof tends to show that the incestuous intercourse, if it was had, took place just before Christmas one year, and that the child was born in September of the year following, thus placing cause and effect in proper point of time.

[2] On the trial of this defendant, it was admitted by the prosecutrix that she and one John Watts lived together for several months as man and wife, that they slept in the same bed together, and that she and said Watts had sexual intercourse together. Upon the examination of Gene Jarrell as a witness, defendant propounded the question:

"Mr. Jarrell, I will ask you if about Christmas, or just before Christmas a year ago, if this girl (prosecutrix) was visiting up at Carl Mitchell's and was with this Watts boy and that they claimed to be married. (This question was also propounded to said witness Jarrell.) I will ask you if they were passing as man and wife in that community along in December and January a year ago?"

The state objected to these questions and the court sustained the objections. In these rulings there was manifest and injurious error. The time inquired about covered the same period of time when it was insisted that the child of prosecutrix was begotten, and the defendant was entitled to have this testimony go to the jury on the question of the paternity of the child. If this testimony, so clearly relevant, admissible, and pertinent to the issues involved, had been submitted to the jury, they (the jury) would thus have been justified in concluding therefrom that the child in question was in fact the child of John Watts, and not that of the defendant, and this evidence may have had the effect of creating a reasonable doubt in the mind of the jury as to the truth of the incriminating statements made by her against the accused. Other rulings of the court upon the testimony of Gene Jarrell of similar import were also error, necessitating a reversal of the judgment of conviction appealed from.

Other questions are presented and insisted upon, but upon another trial they may not arise, and, therefore, will not be here discussed.

[3] No special charges appear to have been requested by defendant. It cannot be denied that the testimony of prosecutrix is filled with discrepancies and contradictions, and is most unusual; this even to the extent of presenting a grave question as to the truth of her statements. But the probative force of her testimony, though manifestly of this character, was for the jury, and not for the court to determine.

---

[1] 19 Ala. App. 75.

For the errors designated, the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.

