(110 So. 599)

### DAVIS v. STATE. (1 Div. 679.)

(Court of Appeals of Alabama. Nov. 23, 1926.)

**1. Rape ⬤═43(2)—Admitting evidence of birth of child held not error in prosecution for carnal knowledge.**

Permitting prosecutrix, in prosecution for carnal knowledge of girl over 12 and under 16

years of age, to testify that she gave birth to child on certain date, *held* not reversible error, since it corroborated her testimony that she had had sexual intercourse.

**2. Rape** ⬤⇒57(1)—**Whether sexual intercourse established was with accused, under conflicting evidence, was for jury.**

Where fact of sexual intercourse was established in prosecution for carnal knowledge of girl over 12 and under 16 years of age by evidence of birth of child, whether such intercourse was with accused or not, under conflicting evidence, was for jury.

**3. Rape** ⬤⇒45—**Where birth of child was undisputed, prosecutrix could testify that defendant was its father.**

In prosecution for carnal knowledge of girl over 12 and under 16 years of age, where fact of birth of child was admitted by evidence, prosecutrix might testify that defendant was its father.

**4. Criminal law** ⬤⇒478(1)—**Witness held not qualified to testify whether prosecutrix's child was fully developed when born.**

In prosecution for carnal knowledge, witness who had had five children but did not know difference between prematurely born child and full-grown normal child *held* not qualified to testify whether prosecutrix's child was a nine-months baby and was fully developed when born.

**5. Criminal law** ⬤⇒478(1)—**Neither trial nor appellate court can assume that witness, mother of five children, possessed sufficient knowledge to testify, as expert, regarding gestation period of prosecutrix's child.**

Neither trial nor appellate court can assume that witness, mother of five children, in absence of testimony to that effect, possessed sufficient knowledge to testify as an expert as to whether prosecutrix's baby was a nine-months child when born.

**6. Criminal law** ⬤⇒1170(2)—**Excluding testimony of unqualified witness as to gestation period of prosecutrix's child, if error, held harmless, where physician testified to same thing.**

Excluding testimony, in carnal knowledge prosecution, of mother of five children, who did not know difference between prematurely born child and full-grown normal child, as to gestation period of prosecutrix's child, if error, *held* harmless, where defendant received benefit of this evidence through testimony of physician.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

George, alias Ollie, Davis was convicted of an offense, and he appeals. Affirmed.

Outlaw, Kilborn & Smith, of Mobile, for appellant.

Counsel argue for error in rulings on the evidence, and cite, Palmer v. State, 165 Ala. 129, 51 So. 358; Davis v. State, 20 Ala. App. 463, 103 So. 73; Bessemer C., I. & L. Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389.

Harwell G. Davis, Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This case was formerly before this court on appeal. Davis v. State, 20 Ala. App. 463, 103 So. 73.

The indictment charged the defendant with the offense of carnal knowledge, etc., of a girl over 12 and under 16 years of age. Pending the trial, from the judgment of which this appeal was taken, several exceptions were reserved to the court's rulings upon the admission of evidence. Counsel for appellant, however, very frankly, and we think properly, confine their insistence of error to two questions only.

[1, 2] The girl in question, Minnie Lee Crabtree, testified that the defendant had sexual intercourse with her at her home somewhere about the 1st of July, 1922, and over the objection and exception of defendant, she was permitted to testify that she gave birth to a child on the following 26th day of March. It is insisted that this ruling of the court constituted reversible error. We do not so conclude. We think the physical substantive fact of the birth of the child is corroborative of her testimony to the effect that she had had sexual intercourse, and to this extent shed light upon that important issue and tended to prove the corpus delicti. Whether such intercourse was with the accused or not was, under the conflicting evidence, a question for the determination of the jury. In the case of Davis v. State, supra, this court said:

"The fact that the girl gave birth to a child is material and relevant as tending to prove the corpus delicti. * * * This evidence was admissible for the purpose of proving a crime and fixing the time."

[3] In this case there was no conflict in the evidence as to the birth of the child. The fact that Minnie Lee Crabtree gave birth to a child on March 26, 1923, was admitted by the evidence. This being true it was relevant and competent for the prosecutrix to testify that the defendant is the father of said child. While it is true that the defendant may have been guilty without reference to the paternity of the child, yet that fact was relevant and material as an incriminatory circumstance tending to shed light on the material issue involved upon the trial of this case and to establish the guilt of the defendant as charged. Palmer v. State, 165 Ala. 129, 51 So. 358; State v. Miller, 71 Kan. 200, 80 P. 51, 6 Ann. Cas. 58. In the Miller Case, supra, the Supreme Court of Kansas said:

"In his appeal he complains that Mollie was permitted to testify as to the birth and parentage of the child, the fruit of the illicit rela-

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion. Having testified to the intercourse, it was competent for her to state that conception followed, and that the defendant was the father of the child so begotten."

[4-6] The next insistence of error is, in our opinion, equally without merit. It relates to the following as shown by the record: The defendant introduced as a witness Eva Crowell, and she testified:

"I know Minnie Lee Crabtree, and remember when she had a baby back here in March, 1923. I was. with her when she had the baby."

She was then asked:

"Q. I will ask you whether or not that is what you would call a nine months old baby?"

The court sustained state's objection to this question. Defendant excepted. Continuing, witness stated:

"I am 36 years old—soon will be—and have five children of my own. The only experience I have had with babies is with my own and in helping with this one. I have had five of my own and have seen little babies when they were first born—have seen them quite often."

She was then asked by defendant:

"Q. I will ask you whether this baby of Minnie Lee's when it was born was a fully developed baby, normal in every respect?"

The record shows:

"The state objected because there was no evidence showing that this witness was qualified, and the court sustained the objection, and defendant excepted."

As stated, we think this ruling was correct and without error. The witness was not shown to be qualified. While she stated she was herself the mother of five children, etc., she did not state that she knew the difference between a prematurely born child and a full-grown normal child, as did the witness Mrs. Jones in the case of Bessemer Coal, Iron & Land Company et al. v. Doak, 152 Ala.. 166, 176, 44 So. 627, 12 L. R. A. (N. S.) 389, to which we are cited. The court below could not assume, nor can this court judicially know, that the witness Eva Crowell, in the absence of testimony to that effect, possessed sufficient knowledge to testify as an expert on the question. The predicate was insufficient, and the court properly so held. Moreover, the defendant received the benefit of this evidence through the statement of his witness Dr. H. W. Gray, who testified:

"I am a practicing physician of 24 years. I am licensed to practice medicine and doing general practice in Oak Grove in Mobile county, and have been there 13 years."

He also testified to the general good character of the defendant, and further, viz.:

"I delivered Minnie Lee Crabtree of this child she had on March 23, 1923, and have had experience with babies and the looks of them when they first get here. I have delivered about 500 babies. This child of Minnie Lee's when it was born had, in my opinion, the appearance of a normal, healthy, nine-months child."

On his redirect examination he testified:

"There is a difference between the appearance of a seven-months baby and a nine-months baby when it is born. The difference would be the finger nails are not so well developed; that would be the principal difference I would be willing to state; and the baby would be sort of weakly and puny."

The other exceptions to the court's rulings upon the testimony have been examined and are without error.

The several special charges requested by defendant were given. None were refused No motion for a new trial was made. The record proper is without error. Let the judgment of conviction appealed from stand affirmed.

Affirmed.