44 So.2d 801

## ALLEN v. STATE.

### 7 Div. 11.

Court of Appeals of Alabama.

Feb. 28, 1950.

Ellis & Fowler, Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for incest or adultery with his daughter. His jury trial resulted in a verdict of guilty.

Three witnesses for the State testified that they had, on the same occasion, seen appellant and his daughter engaged in sexual intercourse. We omit the sordid details.

Appellant and his daughter strenuously denied that any act of misconduct had ever taken place between them at any time.

The question of fact thus presented by the jury was resolved by that body adversely to appellant.

Over the objection of appellant the State, after the evidence tending to show intercourse between the parties, was permitted to show certain acts between appellant and his daughter extending back some two or three years prior to the date of the offense charged. The acts thus shown were that appellant and his daughter always ate their lunches together at the place of their employment, and remained separate from the other employees; that when walking along the streets of Talladega they would always be holding hands; that they were observed frequently riding in a truck together, and the appellant would have his arm on the top of the seat back of the daughter.

All of the above acts standing alone possessed little probative value. However after evidence tending to show illicit intercourse between the father and daughter, these facts trivial in themselves may well derive probative force from their connection and combination with a main fact.

 The offense for which appellant was convicted is one rarely susceptible of direct proof. Therefore, it is the settled law of this State that in a case involving a charge of illicit intercourse within a limited period, evidence of acts anterior to such period, tending to shed light on and material to the issues may be shown, even though such former acts, if treated as an offense, would be barred by the statute of limitations. Alsabrooks et al. v. State, 52 Ala. 24; Lawson and Swinney v. State, 20 Ala. 65, 56 Am.Dec. 182.

No error therefore resulted from the admission of the evidence tending to show the relation and familiarity of appellant and his daughter existing prior to the main offense.

No brief was filed for appellant in this court. We have however of course made careful examination of this record, as is our duty. It is our conclusion that no error probably injurious to the substantial rights of appellant infest any of the rulings made in the trial below. This cause is due to be affirmed, and it is so ordered.

Affirmed.