MeMILLAN, Judge.
The appellant was indicted for rape in the first degree and sexual abuse in the first degree. He was acquitted of the rape charge and was convicted of sexual abuse. He was subsequently sentenced to seven years’ imprisonment.
The record indicates that the victim was 10 years of age when she came to live with the appellant and his wife, who was the victim’s sister. Another sister of the victim, who was also under the age of 16, moved in with the appellant and his wife at the same time, that being March 1987. The victim testified that on the first night that she had come to live with the appellant, he came to the mattress where she, her minor sister, and the appellant’s son were sleeping. She said he pulled her to the end of the mattress and stuck his fingers into her vagina. A few months later, she testified, the appellant began to have sex with her. The victim’s sister, who had also come to live with the appellant and his wife, was allowed to testify, over objection, that in December 1988, the appellant raped her. The appellant subsequently testified that he had in no way abused or raped the victim; he also denied raping the sister, but admitted to “fingering” her.
The appellant argues that the trial court erred in allowing the state to introduce evidence of the subsequent collateral sex crime against the victim’s sister in order to prove his guilt. The appellant cites to Bowden v. State, 538 S.2d 1226 (Ala.1988).
The general exclusionary rule prevents the introduction of a collateral act, whether it occurs before or after the charged offense, for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. Ex parte Cofer, 440 So.2d 1121 (Ala.1983). Although the law recognizes certain exceptions to the general exclusionary rule, there is no exception under the current law in this state that applies to the present case. Identity is not at issue in the present case; therefore, the common plan, design, scheme, or system exception is not applicable. As the Alabama Supreme Court stated in Ex parte Darby, 516 So.2d 786, 789 (Ala.1987), “[t]he plan, scheme, or system exception does not apply here because, as explained in Brewer v. State, [440 So.2d 1155, 1161 (Ala.CrApp.1983),] that exception is essentially coextensive with the identity exception.” In Bowden v. State, 538 So.2d at 1234, the Alabama Supreme Court wrote:
“In Ex parte Darby, 516 So.2d 786, 788-89 (Ala.1987), this Court stated the following with regard to the exceptions to the rule of exclusion, particularly the identity exception:
“ ‘Exceptions come into play where there is a question of the identity of the defendant as the perpetrator of the alleged crime or where there is a question of intent, motive, physical capacity, or knowledge. The identity exception allows evidence of uniquely similar prior crimes of which the defendant has been convicted so as to provide circumstantial evidence that the defendant in fact committed the crime being prosecuted. In other words, where the modus operandi of the crime at trial is characteristically similar to that used by the defendant on prior occasions, evidence of the prior crimes may be used to connect the defendant to the crime at issue.’ ”
In Watson v. State, 538 So.2d 1216 at 1221 n. 4 (Ala.Cr.App.1987), this court said, “‘This exception generally goes to the issue of the identity of the defendant. In fact, the identity exception and the common scheme or plan exception are often mentioned in conjunction with each other in the cases.’” Quoting Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 256 (1984).
The intent exception is inapplicable in this prosecution.
“ ‘Even when the crime charged is one requiring specific intent, the evidence still *676 may not be admitted where competent evidence links the defendant with the crime charged and the jury can infer the requisite intent.’ Gamble & James, Perspectives on the Evidence Law of Alabama: A Decade of Evolution, 1977-1987, 40 Ala. L.Rev. 95, 134 (1988) (citing Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983)).”
McClellan v. State, 571 So.2d 341, 344 (Ala. Cr.App.1990), cert. quashed, 571 So.2d 345 (Ala.1990). No evidence in this case called the appellant’s intent into question.
Moreover, as argued by the appellant, the motive exception is not applicable to the present case, as this is not a situation involving incest. Although in Bowden v. State, supra, the Alabama Supreme Court held that evidence of collateral offenses of rape or sexual abuse of one or more of a defendant’s other children may be admissible to prove motive in raping the victim, who is also the defendant’s child, this holding appears to have been confined to cases where the appellant is charged with the offense of incest. Thus, the Alabama Supreme Court stated, “However, where the defendant is not charged with the offense of incest, ... it becomes questionable whether evidence establishing that the accused raped and/or sexually abused one or more of his other children is admissible to prove his motive in raping the victim, also his child.” Id. at 1235. (Emphasis in original.)
In J.D.S. v. State, 587 So.2d 1249 (Ala.Cr. App.1991), this motive exception was extended to apply to collateral offenses against members of a defendant’s family who would fall within the statutory definition of victims of incest,[1] even where the defendant was not charged with that crime, but rather was charged with other sex crimes. In that case, 587 So.2d at page 1254, this court noted the separate opinion by Justice Maddox in Bow-den v. State, supra, wherein he observed: “Here, the majority seems to summarily dismiss motive as a viable exception to the general exclusionary rule ‘where the defendant is not charged with the offense of incest.’ ... Why the extra charge of incest is necessary to allow motive to be shown puzzles me_” 538 So.2d at 1239. (Emphasis in original.) However, in the present case, although the collateral offense was against the victim’s sister, the relationship of the victim and her sister to the appellant, as sisters-in-law of his, could not have supported a charge of the offense of incest.
Therefore, because, based on the current Alabama law, the evidence concerning the appellant’s collateral offense against the victim’s sister is inadmissible under any of the exceptions to the exclusionary rule, supra; Anonymous v. State, 507 So.2d 972 (Ala. 1987); Bowden v. State, supra, the conviction is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur except MONTIEL, J., who dissents with opinion.

. The offense of incest can be committed upon a stepchild, as in J.D.S. v. State, supra, wherein the collateral offense was against the defendant’s stepson. 13A-13-3(a)(3), Code of Alabama 1975.